UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLES A. CRAIG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.1:06-cv-1792-DFH-WTL |
| | ) |
| VAN P. SMITH, ONTARIO CORP. as the | ) |
| Plan Administrator, and ONTARIO CORP. | ) |
| AND AFFILIATES EMPLOYEE STOCK | ) |
| OWNERSHIP PLAN, | ) |
| | ) |
| Defendants. | ) |

ENTRY ON MOTION TO DISMISS

When plaintiff Charles Craig retired from defendant Ontario Corporation in May 2001, he exercised his rights under the employee stock ownership and exchanged his shares of Ontario stock for their fair market value. Rather than cash, however, Craig received from Ontario Corporation a ten-year unsecured promissory note for $509,664.96. Ontario defaulted on the note in January 2005. Craig and his wife brought a separate lawsuit against Ontario Corporation in which Judge McKinney granted judgment to plaintiffs. That judgment is still pending on appeal. In this more recent action, Craig alleges that the exchange of his shares for a ten-year promissory note violated the requirements of 26 U.S.C. § 409(h)(5)(A) & (5)(B) and 29 C.F.R. § 2550.408b-3(*l*)(4). The statute requires both an outer limit of five years and "adequate security" when an ESOP spreads out

payments for shares over time.  The regulation allows an extension to ten years under some circumstances but still requires adequate security.  In this case, Craig seeks relief from the ESOP itself, from the corporation in its capacity as a fiduciary for the plan, and from one of the corporation's directors as a fiduciary for the plan, for the alleged violations of the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq.

Defendants have moved to dismiss.  Their motion to dismiss the complaint is hereby denied.  The court notes that defendant Ontario Corporation is arguing before Judge McKinney of this court and before the Court of Appeals that the final judgment in question was entered without subject matter jurisdiction, while in this case defendants argue that the same judgment is final, binding, and conclusive as to the claims raised in this case.  The court does not reach the other issues relevant to defendants' *res judicata* argument.  As for defendants' other arguments, the court sees nothing startling about the idea that, if the payout was handled in violation of ERISA and eventually resulted in harm to plaintiff, the plan and its fiduciaries might be liable for the loss.  With respect to defendants' statute of limitations argument, plaintiff appears not to have suffered any injury from the alleged violation until the corporation defaulted on the ten-year note in 2005.  That sort of delayed injury is not comparable to the bad advice given in *Librizzi v. Children's Memorial Medical Center*, 134 F.3d 1302, 1306-07 (7th Cir. 1998) (holding that statute of limitations began to run when plan fiduciary gave faulty advice).  Taking the facts alleged in the complaint as true, it seems unlikely that

Craig would not have a viable claim against at least one of these defendants. Defendants shall answer the complaint no later than January 23, 2008. The parties should also consider whether it would be prudent to stay further proceedings in this case pending final resolution of the Craigs' action on the note against Ontario Corporation.

So ordered.

Date: January 2, 2008

        *David F. Hamilton*

  DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Gregory C. Brubaker
gbrubaker@hooverhull.com

Andrew W. Hull
awhull@hooverhull.com

Stacy Walton Long
slong@kdlegal.com

Mark J.R. Merkle
mmerkle@kdlegal.com