UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLES A. CRAIG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| VAN P. SMITH, ONTARIO CORPORATION ) | CASE NO. 1:06-cv-1792-DFH-DML |
| as the Plan Administrator, and ) | |
| ONTARIO CORPORATION AND ) | |
| AFFILIATES EMPLOYEE STOCK ) | |
| OWNERSHIP PLAN, ) | |
| ) | |
| Defendants. ) | |

ENTRY ON RELIEF

On January 26, 2009, the court entered its findings of fact and conclusions of law in this case. Dkt. No. 107. The court found that Charles Craig is entitled to judgment in his favor against Ontario Corporation for breach of fiduciary duties and against the Ontario Corporation and Affiliates Employee Stock Ownership Plan (ESOP) for benefits under Craig's ESOP Plan. The court explained that the appropriate remedy for Craig on both claims is to order Ontario and the ESOP to pay Craig the amount that Craig did not receive as a result of receiving a ten-year note rather than a five-year note.

At the time of the court's entry, the parties had supplied evidence showing that Ontario paid Craig $169,336.49 on the ESOP note before Ontario ceased payments. Ontario made its last principal payment on December 15, 2003 and

its last interest payment on February 15, 2004. The parties had not supplied evidence showing how much Ontario would have paid Craig on a five-year note if Ontario had ceased payments on the same dates as it ceased payments on the ten-year note. The court directed the parties to file supplemental material on this question, and the parties have submitted such information. Craig submits that if Ontario had paid him on a five-year note until January 15, 2005, it would have paid him $412,263.25 in total. However, as the court explained in its last entry, Craig is entitled to relief based on what he would have received if Ontario had given him a five-year note and ceased principal payments on December 15, 2003 and interest payments on February 15, 2004. That amount is $300,139.25. Dkt. No. 108, Ex. B; Dkt. No. 109, Ex. A. Ontario already paid Craig $169,336.49 on the note, so Craig is entitled to $130,802.76 from Ontario and the ESOP. Ontario and the ESOP are jointly and severally liable.

The court has considered defendants' argument that the calculation should instead be based on strict compliance with *all* ESOP terms, which would have included the $100,000 cap on an in-service withdrawal with the higher value per share and a lower value per share for the remainder of Craig's shares at the time his retirement actually took effect. The court has not adopted that position because Craig never agreed to such an arrangement and because the defendants were in control of whether the distribution(s) to Craig complied with the terms of the ESOP. The defense argument is a variation on the waiver argument that the

-3-

court rejected in the findings of fact and conclusions of law, and the same reasoning applies to this remedy issue.

Judgment will be entered consistent with this entry.[1]

Date: February 20, 2009

*David F. Hamilton*

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Mark J. R. Merkle
KRIEG DEVAULT LLP
mmerkle@kdlegal.com

Stacy Walton Long
KRIEG DEVAULT LLP
slong@kdlegal.com

Andrew W. Hull
HOOVER HULL LLP
awhull@hooverhull.com

Don R. Hostetler
HOOVER HULL LLP
dhostetler@hooverhull.com

Laurie E. Martin
HOOVER HULL LLP
lmartin@hooverhull.com

---

[1] Craig's motion to strike the defendants' supplemental damages submission is granted. Dkt. No. 111. The supplemental submission was filed after the two-week deadline.