UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLES A. CRAIG, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VAN P. SMITH, ONTARIO CORPORATION )<br>as the Plan Administrator, and )<br>ONTARIO CORPORATION AND )<br>AFFILIATES EMPLOYEE STOCK )<br>OWNERSHIP PLAN, )<br>)<br>Defendants. ) | CASE NO. 1:06-cv-1792-DFH-DML |

ENTRY ON COSTS AND ATTORNEY FEES

The court entered final judgment on February 20, 2009 in favor of plaintiff Craig on his claims against Ontario Corporation and its employee stock ownership plan, and in favor of defendant Van P. Smith.  Plaintiff has moved for leave to submit his bill of costs beyond the usual 14-day deadline set by Local Rule 54.1. Defendant Smith has moved for an award of attorney fees in his favor under 29 U.S.C. § 1132(g).

The court grants plaintiff's motion for leave to file his bill of costs. The record indicates that plaintiff filed his bill of costs electronically on March 6, 2009, which was timely, but he filed the bill of costs in the wrong case, in Cause No. 1:05-cv-861.  On March 12, 2009, his attorneys recognized the error, moved to withdraw their filing in the wrong case, and filed this motion.  The error was

harmless and was surely obvious to defendants when they received the original erroneous filing. Ontario Corporation and its employee stock ownership plan have not objected to the costs identified. The court assesses costs against defendants Ontario Corporation and its employee stock ownership plan, jointly and severally, and in favor of plaintiff Charles A. Craig in the amount of $3,384.35.

Defendant Smith's request for attorney fees presents a different question. Plaintiff prevailed on his claims against the Ontario defendants, but the court denied his request for attorney fees. See Dkt. No. 107 at 28-29. The court noted the good faith effort of those defendants to put together a comprehensive retirement package for Craig, though the terms of that package violated the terms of the ESOP itself. Smith's motion continues the debate on the merits. Smith contends that plaintiff had no legal or factual basis for claiming that he was personally responsible for plaintiff's losses. Plaintiff contends that the court erred by failing to hold Smith personally responsible, and that he had at least a sound basis for suing Smith personally.[1]

Under ERISA, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). In the Seventh Circuit "there is a 'modest presumption' in favor of awarding fees to the prevailing party, but that presumption may be rebutted." *Stark v. PPM America, Inc.*,

---

[1] Differentiating among the defendants is critical here because Ontario Corporation and its ESOP are probably insolvent. The court has only fragmentary and somewhat dated information about Mr. Smith's personal finances.

354 F.3d 666, 673 (7th Cir. 2004), quoting *Senese v. Chicago Area I.B. of T. Pension Fund*, 237 F.3d 819, 826 (7th Cir. 2001). In determining whether to award fees and costs, the Seventh Circuit has often said that there is one fundamental consideration: "was the losing party's position substantially justified and taken in good faith, or was that party simply out to harass its opponent?" *Stark*, 354 F.3d at 673, quoting *Bowerman v. Wal-Mart Stores, Inc.*, 226 F.3d 574, 593 (7th Cir. 2000). Accord, *Sullivan v. William A. Randolph, Inc.*, 504 F.3d 665, 671-72 (7th Cir. 2007) (explaining that "substantial justification" test is proper method for determining whether to award ERISA attorney fees).

The court does not believe it erred in holding that Smith was not personally responsible for Craig's losses, but the court also believes that Craig had reasonable grounds for seeking relief from Smith. It is clear under ERISA that an executive in Smith's position has obligations to oversee the work of fiduciaries to whom he and the company have delegated day-to-day oversight of the employee benefit plan. See, *e.g.*, *Leigh v. Engle*, 727 F.2d 113, 134-35 (7th Cir. 1984). Smith apparently did very little along these lines, but there also was not evidence here of systemic problems with administration of the ESOP. If Smith had devoted more attention to the ESOP, short of directly supervising the deal reached with Craig, there was no apparent problem for him to find. Nevertheless, this is not a field of law where there are bright lines. It was not unreasonable for Craig to argue that Smith should bear direct responsibility.

For purposes of considering Smith's fee request, it is also useful to look at the larger context here. Plaintiff Craig was a victim, though by no means the only victim, of Ontario Corporation's fall. The judgment in his favor may do him very little good. The company and the ESOP fiduciaries tried to provide a good retirement package for Craig, but it collapsed as the company's fortunes declined and the company defaulted on the notes issued to Craig (and similar obligations to others). In the court's view, there would be a painful injustice in granting Craig an uncollectible judgment against the company and the ESOP while ordering him to pay Smith's legal fees.

Accordingly, the court assesses costs against defendants Ontario Corporation and its employee stock ownership plan, jointly and severally, and in favor of plaintiff Charles A. Craig in the amount of $3,384.35. The court denies defendant Smith's motion for attorney fees.

So ordered.

Date: June 29, 2009

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Mark J. R. Merkle
KRIEG DEVAULT LLP
mmerkle@kdlegal.com

Stacy Walton Long
KRIEG DEVAULT LLP
slong@kdlegal.com

Andrew W. Hull
HOOVER HULL LLP
awhull@hooverhull.com

Don R. Hostetler
HOOVER HULL LLP
dhostetler@hooverhull.com

Laurie E. Martin
HOOVER HULL LLP
lmartin@hooverhull.com